IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCIA T. POLK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0725-WS-B |
| | ) |
| SEARS, ROEBUCK, AND CO., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendants' Motion to Transfer (doc. 10), plaintiff's "Motion to Dismiss Defendants Request … and Receive from Court Correct Instructions" (doc. 13), and plaintiff's "Motion to Amend Complaint without a Motion to Amend Complaint" (doc. 12).  All three motions are now ripe for disposition.

**I.     Relevant Background.**

On December 22, 2011, plaintiff, Marcia T. Polk, proceeding *pro se*, filed a Complaint in this District Court against named defendants Sears, Roebuck, and Co. and Sears Holdings Corporation (collectively, "Sears").[1]  The Complaint alleges that Polk "is a qualified individual with disabilities" (including, without limitation, certain chemical sensitivities and type II diabetes), but that Sears failed to provide her with reasonable accommodations she required in order to perform her duties as a retail support associate.  The Complaint further alleges that Sears failed to "provide remedy for severe and malicious harassment and discrimination directed towards Plaintiff, due to my disabilities, covered under Title VII" (doc. 1, at 2-3); that Sears scheduled Polk to work at times that conflicted with her medical appointments and treatments; and that Sears willfully and maliciously denied her the reasonable accommodations that would

---

[1]     In deference to Polk's *pro se* status, the Court affords her pleadings a liberal construction for purposes of the pending motions.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

have enabled her to perform the essential functions of her job.  Polk contends that there is federal jurisdiction over this action because her claim is for "Violation of ADA/Employment;" however, she also purports to bring state-law claims for quantum meruit, intentional infliction of emotional distress, breach of contract and negligence.

This is not the first time that Polk has sued Sears in this District Court.  To the contrary, in May 2011, Polk filed an Amended Complaint in Civil Action No. 10-0636-CG-M (hereinafter, "*Polk I*") to assert claims against Sears (again, under the names "Sears, Roebuck and Company" and "Sears Holdings Corporation") for "Violation of ADA/Employment."  (Civil No. 10-636, doc. 18, at 7.)  Much like her current complaint, Polk's Amended Complaint filed in *Polk I* alleged that Sears had failed to "provide remedy for severe and malicious harassment and discrimination directed towards Plaintiff, due to my disabilities, covered under Title VII."  (*Id.* at 1.)  Polk further alleged in her pleading in *Polk I* that Sears "disregard[ed] the recommended accommodations" for her disability, that she was "mocked" by Sears management for her disabilities and that, rather than accommodating her chemical sensitivity, Sears exacerbated it when, for example, a manager placed an air freshener on her desk for months.  (*Id.* at 2, 4, 5.)

On February 28, 2012, Judge Granade entered an order in *Polk I*, dismissing Polk's claims against Sears on the ground that her claims against those corporate defendants were untimely.  (*See* Civil No. 10-636, at doc. 53.)  Polk did not appeal from this dismissal order, which had the effect of terminating the *Polk I* litigation on the day it was entered.

**II.     Motion to Transfer.**

Sears has filed a Motion to Transfer this action to the docket of Judge Granade, who presided over and dismissed *Polk I*.  Sears' Motion is predicated on Local Rule 3.3(b).  That Rule states, in part, as follows:  "Whenever an action or proceeding terminated by entry of a notice or order of dismissal is refiled without a substantial change in issues or parties, it shall be assigned or transferred to the district judge to whom the original action or proceeding was assigned, unless otherwise ordered by the chief judge."  LR 3.3(b).  Sears maintains that Polk's present lawsuit constitutes a "refiled action" within the meaning of Local Rule 3.3(b) and that there has been no substantial change in issues or parties.

The Court disagrees.  Local Rule 3.3(b) is designed to prevent a losing party in one lawsuit from judge-shopping by refiling essentially the same lawsuit after the initial lawsuit has been dismissed.  But it is simply not the case here that "an action or proceeding terminated by

entry of a notice or order of dismissal [has been] refiled." Polk filed the instant Complaint and was granted IFP status herein <u>before</u> the dismissal of *Polk I* by Judge Granade on February 28, 2012. On its face, then, this matter does not fall within the parameters of a "refiled action," because plaintiff filed her Complaint in this case while *Polk I* was still pending, not after it had been dismissed. The narrow Local Rule 3.3(b) does not apply in these circumstances. Moreover, the Court does not perceive that the interests of judicial economy, efficiency or comity favor transferring this action to the docket of Judge Granade.[2] Accordingly, the Motion to Transfer (doc. 10) is **denied**, and this action will remain assigned to the undersigned's docket.

### III.     Plaintiff's Motions.

In response to Sears' Motion to Transfer, Polk submitted a pair of motions of her own. The first of these is a motion requesting instructions regarding her "financial hardship" and service of process. This motion reflects substantial misunderstanding by Polk as to the present state of this litigation.

Contemporaneously with her *pro se* Complaint, Polk filed a Motion to Proceed without Prepayment of Fees (doc. 2). Magistrate Judge Bivins granted the IFP Motion by Order (doc. 3) dated January 10, 2012. Pursuant to that ruling, Polk is proceeding in this litigation *in forma pauperis*, as a result of which she was excused from paying the $350 filing fee that other plaintiffs must remit to the Clerk of Court in order to pursue their claims. On February 24, 2012, Judge Bivins ordered that the Clerk of Court attempt to serve process on defendants via certified mail. (*See* doc. 4.) These efforts were successful, and defendants were served with process on February 28, 2012 and March 2, 2012. (*See* docs. 6 & 7.) Notwithstanding these developments, Polk devotes much of her Motion to complaining that the Clerk's Office did not furnish her with the necessary forms for filing summonses and requesting that she be "allowed to properly serve summons with the complaint." Such activities are unnecessary at this time. Defendants have

---

[2]     Had a Rule 42(a) motion to consolidate this action with *Polk I* been filed before the latter's dismissal, such consolidation of both cases on Judge Granade's docket likely would have been appropriate and efficient. However, no such motion was filed. This Court can apply the principles of exhaustion and res judicata to Polk's Amended Complaint and to the dismissal order in *Polk I* just as easily as that order's author could. Thus, it is not apparent that any meaningful advantages in terms of efficiency or judicial economy would be realized by transferring this action to Judge Granade more than a month after she dismissed the related litigation as untimely.

already been served. What's more, they have appeared and are defending in this action. Accordingly, plaintiff's Motion to Dismiss Defendants Request to Dismiss (doc. 13) is **denied** because it proceeds from the incorrect premise that plaintiff needs additional time to serve defendants, when in fact defendants have already been served and have appeared as defendants herein.[3]

As for plaintiff's other motion, the curiously titled "Motion to Amend Complaint without a Motion to Amend Complaint" (doc. 12), a fair reading of that motion, with due regard for plaintiff's *pro se* status, is that she seeks to amend her pleading as a matter of course. Polk has an absolute right to amend her pleading at this time. After all, the Federal Rules of Civil Procedure provide that "A party may amend its pleading once as a matter of course within … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) …, whichever is earlier." Rule 15(a)(1)(B), Fed.R.Civ.P. The court file reflects that defendants served and filed their Rule 12(b) motion on March 20, 2012; therefore, the 21-day period for amendment as of right does not expire until April 10, 2012. Polk filed her Motion to Amend on March 29, 2012.

---

[3] In her Motion, plaintiff also requests that she be informed "what the Financial Hardship covers" and "what services are covered by hardship." (Doc. 13, at 1, 3.) By all appearances, the "hardship" references pertain to her *in forma pauperis* ("IFP") status. Quite simply, that status does not confer upon her any "services." Neither this Court nor the Clerk's Office can or will act as *de facto* attorney for Polk merely because she is an IFP litigant. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998); *Ford v. Central Loan Admin.*, 2011 WL 4702912, *3 (S.D. Ala. Oct. 5, 2011) ("applicable precedents forbid this Court from acting as Ford's *de facto* counsel or rewriting otherwise deficient pleadings on her behalf to steer her claims past a Rule 12(b)(6) challenge"). Rather, it is plaintiff's responsibility to identify and comply with the rules, and to litigate her claims. *See Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* party "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," and may be sanctioned "for failure to comply with court orders"); Local Rule 83.9(b). As for plaintiff's vague accusation that the Clerk's Office has not allowed her "to exercise rights given to Plaintiffs who do not request" IFP status (doc. 13, at 2), Polk may be assured that this District Court does not treat IFP litigants less favorably than other litigants, and does not withhold or trammel the exercise of any rights by IFP litigants that are generally available to others. Any perception to the contrary is factually baseless and categorically incorrect.

Accordingly, the "Motion to Amend Complaint without a Motion to Amend Complaint" (doc. 12) is **granted**, and the Amended Complaint appended to that Motion is now plaintiff's operative pleading in this action. (*See* doc. 12-1.) To avoid confusion, the Court will excuse plaintiff from the obligation to refile the Amended Complaint as a freestanding pleading, and will accept it as previously filed.

## IV.    Conclusion.

For all of the foregoing reasons, plaintiff's "Motion to Dismiss Defendants Request to Dismiss" (doc. 13) is **denied**, while her "Motion to Amend Complaint without a Motion to Amend Complaint" (doc. 12) is **granted**. The Amended Complaint attached to her Motion to Amend at document 12-1 is now Polk's operative pleading in this matter. Sears' Motion to Transfer (doc. 10) is **denied**.

Still pending is Sears' Motion to Dismiss (doc. 8), which is predicated on theories of *res judicata* and failure to exhaust administrative remedies. Those theories for dismissal appear to apply with equal force to the Amended Complaint as they did to the original Complaint; therefore, plaintiff's filing of an amended pleading has not rendered the Rule 12(b) Motion moot. As such, plaintiff is **ordered** to file her response to the Motion to Dismiss, supported by authorities as appropriate, on or before **April 18, 2012**.[4] Defendants may file a reply on or before **April 25, 2012**. If the Court determines that oral argument is necessary, the parties will be notified and a hearing will be scheduled. Otherwise, the Motion will be taken under submission after **April 25, 2012**.

DONE and ORDERED this 4th day of April, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The Court is particularly interested in hearing from plaintiff as to why she contends that the causes of action she asserts in this case survive scrutiny under the doctrine of res judicata, in light of the dismissal order entered in *Polk I*. *See, e.g., In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) ("Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was ***or could have been raised*** in that action.") (emphasis added).