**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **MARCIA T. POLK,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION 11-0725-WS-B** |
| | ) |
| **SEARS, ROEBUCK, AND CO.,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

This matter comes before the Court on defendants' Motion to Dismiss (doc. 8).  An Order (doc. 14) entered on April 4, 2012 directed plaintiff to file her response to the Motion, supported by authority as appropriate, on or before April 18, 2012.  That deadline expired weeks ago, with plaintiff neither filing an opposition brief nor requesting an enlargement of time.  Accordingly, the Motion is now ripe for disposition.

**I.**     **Relevant Background.**

On December 22, 2011, plaintiff, Marcia T. Polk, proceeding *pro se*, filed a Complaint in this District Court against named defendants Sears, Roebuck, and Co. and Sears Holdings Corporation (collectively, "Sears").[1]  As amended, Polk's pleading alleges that she is bringing this action "for violations of her individual and associational rights covered under Title VII." (Doc. 12-1, at 1.)  The Amended Complaint states that Polk "is a qualified individual with disabilities," and that Sears discriminated against her in connection with her employment as a retail support associate in the following respects: (i) "Refusal to provide reasonable accommodations," in the form of limiting her exposure to fragrances and other irritants, modifying her work schedule to facilitate her Saturday medical appointments and treatments, and

---

[1]     In deference to plaintiff's *pro se* status, the Court affords her pleadings a liberal construction for purposes of the pending motion.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

allowing her to telecommute; (ii) failure to "respond to numerous requests to mediate and provide remedy for severe and malicious harassment and discrimination directed towards Plaintiff, due to [her] disabilities," and failure "to enforce dress code policy against the wearing of fragrances;" (iii) "Denial to access to treatment by changing work schedule," and (iv) "Need for Accommodations was Willfully and maliciously denied though the accommodations were available." (Doc. 12-1, at 2-5.) Polk contends that there is federal jurisdiction over this action because her claim is for "Violation of ADA/Employment;" however, she also purports to bring state-law claims relating to the same facts and circumstances, on theories of quantum meruit, intentional infliction of emotional distress, breach of contract and negligence.

This is not the first time that Polk has sued Sears in this District Court. To the contrary, in May 2011, Polk filed an Amended Complaint in Civil Action No. 10-0636-CG-M (hereinafter, "*Polk I*") to assert claims against Sears (again, under the names "Sears, Roebuck and Company" and "Sears Holdings Corporation") for "Violation of ADA/Employment." (Civil No. 10-636, doc. 18, at 7.) Much like her present complaint, Polk's Amended Complaint in *Polk I* alleged that Sears had failed to "provide remedy for severe and malicious harassment and discrimination directed towards Plaintiff, due to my disabilities, covered under Title VII." (*Id.* at 1.) Polk further alleged in her pleading in *Polk I* that Sears "disregard[ed] the recommended accommodations" for her disability, that she was "mocked" by Sears management for her disabilities and that, rather than accommodating her chemical/fragrance sensitivity, Sears exacerbated it by, for example, placing an air freshener on a manager's desk. (*Id.* at 2, 4, 5.)

On February 28, 2012, Judge Granade entered an order in *Polk I*, granting Sears' Rule 12(b)(6) motion in its entirety and dismissing Polk's claims against Sears on the ground that her claims against those corporate defendants were untimely. (*See* Civil No. 10-636, at doc. 53.) Polk did not pursue an appeal from this dismissal order, which had the effect of terminating the *Polk I* litigation.

In the case at bar, Sears filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P. Defendants' position is that this action is barred on res judicata grounds because Polk's claims asserted herein either were or could have been litigated in *Polk I*. In the April 4 Order establishing a briefing schedule for this Rule 12(b)(6) Motion, the undersigned specifically directed Polk's attention to the res judicata issue. (*See* doc. 14, at 5 n.4 ("The Court is particularly interested in hearing from plaintiff as to why she contends that the causes of action

-2-

she asserts in this case survive scrutiny under the doctrine of res judicata, in light of the dismissal order entered in *Polk I*.").)  Notwithstanding the Court's directive that she address these matters, Polk neglected to do so, or to respond to the Motion in any respect.

## II.    Legal Standard for Motion to Dismiss.

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged … in the complaint as true." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *see also Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) ("In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff."); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (similar).

To withstand Rule 12(b)(6) scrutiny, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted).  Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  As the Eleventh Circuit has explained, *Twombly*/*Iqbal* principles require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," whose allegations are "enough to raise a right to relief above the speculative level." *Speaker*, 623 F.3d at 1380 (citations omitted).  The factual content of the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations omitted); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) ("A plaintiff must provide enough factual allegations, which are assumed to be true, to raise a right to relief above the speculative level.").

As noted, Polk is proceeding *pro se* in this action.  For that reason, her pleadings are entitled to deferential review. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*pro se* complaints are held "to less stringent standards than formal pleadings

drafted by lawyers"). But Polk's *pro se* status does not exempt her from complying with the Federal Rules of Civil Procedure. *See Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011).[2] Furthermore, applicable precedents forbid this Court from acting as Polk's *de facto* counsel or rewriting pleadings on her behalf to navigate her claims past a Rule 12(b)(6) challenge. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party … or to rewrite an otherwise deficient pleading in order to sustain an action"). None of this can come as a surprise to Polk; after all, the Court specifically apprised her of these requirements and restrictions in the April 4 Order. (*See* doc. 14, at 4 n.3.)

This Court's inability to formulate Polk's legal arguments for her is amplified by her unexplained failure to offer any response to the Motion to Dismiss. It is well-established that courts cannot make a party's arguments for it or "fill in the blanks" on that party's behalf. *See, e.g., Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("district courts cannot concoct or resurrect arguments neither made nor advanced by the parties"); *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it …."); *Minemyer v. B-Roc Representatives, Inc.*, 695 F. Supp.2d 797, 809 (N.D. Ill. 2009) ("[T]his is an adversarial system. It is not a court's task to research legal arguments on a party's behalf ….").

The Court's analysis and consideration of the Motion to Dismiss is informed by all of the foregoing principles.

### III.   Plaintiff's Claims are Barred by Res Judicata.

Defendants' straightforward argument is that the Amended Complaint fails to state a claim upon which relief can be granted because all claims asserted therein are barred by res judicata.

---

[2]        *See also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* party "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"); *Williams v. Aircraft Workers Worldwide, Inc.*, --- F. Supp.2d ----, 2011 WL 2111992, *2 (S.D. Ala. May 24, 2011) (similar).

"Res judicata is a judicially crafted doctrine, created to provide finality and conserve resources." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011).[3] "The doctrine facilitates the conclusive resolution of disputes by reducing the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010) (citation and internal quotation marks omitted). The black-letter rule is a simple one: "[A] final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). Res judicata applies if all of the following four elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Maldonado*, 664 F.3d at 1375 (citing *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)). If those elements are present, "[t]he court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies. … If even one of these elements is missing, res judicata is inapplicable." *Piper Aircraft*, 244 F.3d at 1296.

There can be no question that the second and third elements are present here; indeed, this District Court was plainly a court of competent jurisdiction with respect to *Polk I* (as to which subject-matter jurisdiction was conferred by 28 U.S.C. §§ 1331 and 1343, given Polk's federal civil rights claims brought under the ADA and Title VII in that action). Likewise, all parties named in this action were also parties in *Polk I*, so the identity-of-parties element is plainly satisfied.[4]

---

[3]     This inquiry is governed by federal preclusion law, rather than Alabama preclusion law, because *Polk I* (the ruling whose preclusive reach is at issue) was a federal decision. *See CSX Transp., Inc. v. Brotherhood of Maintenance of Way Employees*, 327 F.3d 1309, 1316 (11th Cir. 2003) ("We now hold that federal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction.").

[4]     To be sure, in *Polk I*, plaintiff initially named as defendants a host of individual Sears employees who are not parties in the case at bar. But Polk voluntarily abandoned her claims against those individuals in *Polk I* and subsequently proceeded solely against Sears. (*See* Civil Action 10-636, at docs. 26 & 27.) At the time of Judge Granade's dismissal order in *Polk I*, there were no defendants other than Sears. For purposes of the res juidicata impact of *Polk I*, then, the Court readily finds perfect identity of the parties in the two cases.

The next question is whether final judgment on the merits was entered in *Polk I*.  As noted, Judge Granade dismissed Polk's claims against Sears in that case on a Rule 12(b)(6) motion for failure to state a claim.  The order did not specify whether the dismissal was with or without prejudice.  However, nothing in the dismissal order suggested that she intended the dismissal to constitute anything other than an adjudication on the merits.[5]  As a general proposition, dismissal of a complaint for failure to state a claim operates as an adjudication on the merits for res judicata purposes, even where the dismissal order does not specify whether such dismissal was with prejudice or without prejudice.  *See N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) ("unless the court specifies otherwise, dismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits"); *Bierman v. Tampa Elec. Co.*, 604 F.2d 929, 930-31 (5th Cir. 1979) (where district court dismissed action *sua sponte* for failure to prosecute, and did not specify whether dismissal was with or without prejudice, dismissal acted as adjudication on merits, such that res judicata barred subsequent action presenting same claim); *Hall v. Tower Land and Investment Co.*, 512 F.2d 481, 483 (5th Cir. 1975) (where district judge dismissed first action for failure to state a claim on which relief can be granted, but did not indicate whether dismissal order was "with prejudice" or "without prejudice," that order "operates as an adjudication on the merits" for res judicata purposes); *Douris v. County of Bucks*, 2001 WL 695019, *3-4 (E.D. Pa. June 18, 2001) (dismissal order that did not specifiy whether it was with or without prejudice operated as an adjudication on the merits where dismissal was for failure to state a claim under Rule 12(b)(6)); 9 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2373 (3d ed.) ("Dismissals under Rule 12(b)(6) for failure to state a claim on which relief can be granted ordinarily are deemed to be an

---

[5]      For example, there is case law for the proposition that "[a] dismissal without prejudice is not an adjudication on the merits and thus does not have a res judicata effect." *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003); *see also Buck Creek Industries, Inc. v. Alcon Const., Inc.*, 631 F.2d 75, 78 n. 5 (5th Cir. 1980) (explaining that if prior dismissal is without prejudice, district court could simply brush aside res judicata defense because prior order did not amount to dismissal on the merits); *Johnson v. Eli Lilly and Co.*, 689 F.Supp. 170, 175 (W.D.N.Y.1988) ("a judgment rendered 'without prejudice' is typically considered not to be on the merits, and insufficient to support the application of res judicata").  But the *Polk I* dismissal order neither specifies nor supports a reasonable inference that Judge Granade intended for that dismissal to be without prejudice.  Polk has not argued otherwise.

adjudication on the merits.").  Accordingly, the Court finds that the element of a "final judgment on the merits" is present here.

The fourth initial element for res judicata is that "the same cause of action is involved in both cases."  As to that element, "two cases are generally considered to involve the same cause of action if the latter case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as the former one."  *Maldonado*, 664 F.3d at 1375-76 (citations and internal quotation marks omitted); *see also Piper Aircraft*, 244 F.3d at 1297 ("[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, … the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.") (citation omitted).  This is not a close question.  In the Amended Complaint filed in *Polk I*, plaintiff alleged claims of disability discrimination and harassment in connection with her employment at Sears, including specific claims that Sears ignored requests for accommodations for her disabilities and mocked her by, for example, placing air fresheners in the office, knowing that they would trigger her sensitivity to fragrances.  The Amended Complaint in the present action reads much the same way.  Here, Polk is bringing claims for disability discrimination, among others, based on allegations that Sears treated her poorly during her employment by failing to accommodate her disabilities, harassing her because of her disabilities, irritating her chemical sensitivity by "placing air fresheners at work stations," and so on.  It is clear that these claims relate to the same stint of employment and the same events and occurrences that formed the factual predicate of *Polk I*.  A fair, side-by-side reading of the two pleadings in the two cases unambiguously demonstrates that both sets of claims are, if not identical, at least rooted in the very same nucleus of operative fact.  They address the same events from the same time period in the same terms asserting largely the same claims.  This is the very definition of the fourth element of the res judicata inquiry.  *See Maldonado*, 664 F.3d at 1376 ("Res judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.").

All four initial elements of res judicata being satisfied, the final inquiry is "whether the claim in the new suit was or could have been raised in the prior action."  *Piper Aircraft*, 244 F.3d at 1296.  Plaintiff has offered no explanation for why her claims asserted in the case at bar could

Case 1:11-cv-00725-WS-B   Document 16   Filed 05/08/12   Page 8 of 9

not have been asserted in the first suit.[6]  Moreover, no basis for any such assertion is readily discernible in the record.  Defendants have shown that Sears terminated Polk's employment in August 2010, more than eight months before she filed the Amended Complaint in *Polk I* that first named Sears as a party defendant and more than 16 months before Judge Granade entered her dismissal order in *Polk I*.  Polk's claims against Sears in the present action are that Sears refused to provide reasonable accommodation, terminated her employment, failed to remedy harassment, denied her access to treatment, and otherwise denied her accommodations, all in violation of the Americans with Disabilities Act and also giving rise to state-law claims of quantum meruit, intentional infliction of emotional distress, breach of contract, and negligence.  All or nearly all of these claims were actually brought and litigated in *Polk I*.  Those that were not raised in *Polk I* could have been.  Defendants have presented a persuasive argument on this point that plaintiff has made no effort to rebut.  As noted *supra*, the Court cannot and will not act as Polk's lawyer or attempt to "fill in the blanks" by formulating arguments on her behalf that she has not raised for herself.  It certainly does not appear that any of Polk's claims in this action could not have been raised in *Polk I*.  To the extent that Polk disagrees, it was incumbent on her to explain why.  Yet she chose to remain silent.[7]

The doctrine of res judicata exists for good reason.  "The law does not allow [the plaintiff] the luxury of returning to federal court with the same set of facts until he succeeds in alleging a federal cause of action."  *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 779-80 (6th Cir. 2000).  Were the law otherwise, the inefficiencies visited on courts and litigants would

---

[6]     At most, she has stated in conclusory fashion that "[t]his complaint is NOT the same as previous complaint."  (Doc. 13, at 5.)  But that is not the question.  The question is whether plaintiff's claims in this case could have been asserted in *Polk I*.  Polk has never identified any impediment to her ability to bring her present claims in *Polk I* had she so desired.

[7]     This is so even though this Court went out of its way to encourage Polk to explain her position on the res judicata issue in a responsive brief.  In particular, the April 4 Order placed her on notice that "[t]he Court is particularly interested in hearing from plaintiff as to why she contends that the causes of action she asserts in this case survive scrutiny under the doctrine of res judicata, in light of the dismissal order in *Polk I*."  (Doc. 14, at 5 n.4.)  Notwithstanding this express invitation to be heard, with a focused directive that she address the res judicata issue at the heart of Sears' Rule 12(b)(6) motion, Polk said nothing.  As such, she cannot be heard to cry foul when this Court proves unable or unwilling to read her mind or guess what her arguments might have been, had she seen fit to articulate them.

be nothing short of staggering, as plaintiffs stymied in their initial attempts to bring claims in federal court could try over and over again by stitching together various permutations of factual allegations and legal theories – at vast expense to opposing parties and at heavy burden to resource-strapped courts – until they came up with a combination that sticks.  This case illustrates the importance of the rule in action.  Polk had an opportunity to assert all of her claims in the first lawsuit she filed against defendants after Sears terminated her employment.  There was no apparent justification in fact or law for her to file a second lawsuit based on the same underlying events and circumstances, and to pursue same after Judge Granade adjudicated and dismissed the first lawsuit on the merits.  In short, the Court finds that the doctrine of res judicata bars Polk from proceeding against Sears with her claims in this action, when there was a prior adjudication on the merits by a court of competent jurisdiction of claims involving the same causes of action between the same parties, and all of Polk's claims in this action were or could have been asserted in *Polk I.*

IV.     **Conclusion.**

For all of the foregoing reasons, defendants' Motion to Dismiss (doc. 8) is **granted** pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted.  This action is **dismissed with prejudice**.  A separate judgment will enter.

DONE and ORDERED this 8th day of May, 2012.


s/ WILLIAM H. STEELE                                
CHIEF UNITED STATES DISTRICT JUDGE